UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW HAMILTON COX | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:22-CV-399-HAB |
| WENDY ANNE COX | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Andrew Hamilton Cox, proceeding pro se, filed a Civil Complaint (ECF No. 1) against Wendy Anne Cox. Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP") (ECF No. 2) and a request for emergency relief (ECF No. 3).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). The inquiry does not end there, however. District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service

of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's Complaint sets forth a litany of claims against the Defendant that he classifies as "civil rights violations" and "elder abuse." Plaintiff, age 64, states that the Defendant assaulted him on several occasions, once with a freestanding toilet paper rack, stole his car, and surrendered his cat (Booger) to Fort Wayne Animal Control. (Compl. at 2). Plaintiff states despite being struck "a minimum of 7 blows," he was arrested for domestic battery and a no-contact order was issued. The charges were ultimately dismissed on November 7, 2022.[1] Plaintiff states that because of Defendant he is now homeless and cannot work as a courier since she has stolen his car. He seeks the return of his vehicle, medical damages, and lost wages.

To proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not met this burden from the face of the Complaint.

Although Plaintiff mentions "civil rights," his Complaint does not state a claim under federal civil rights laws. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The "state actor" predicate to

---

[1] The Court takes judicial notice of State of Indiana v. Andrew Cox, 02D06-2211-MC-003448, filed on November 2, 2022.

2

§ 1983 liability must be satisfied for this claim to proceed against each defendant. Plaintiff has sued a private citizen, not a state actor, which means he has no relief under §1983.

A fair and liberal reading of the Complaint's allegation reveals that Plaintiff only has state law claims against the Defendant. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331. So, for this Court to have jurisdiction over Plaintiff's state-law claims in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, a plaintiff must establish that each defendant is a citizen of a state different from the plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000. Plaintiff's Complaint does not provide an address for Defendant and there are no allegations of citizenship of the Defendant. While the Court is skeptical that Plaintiff could establish diversity of citizenship since both parties appear to be citizens of Indiana, it will permit Plaintiff to file an amended pleading, if he believes he can establish diversity jurisdiction.

Accordingly, the Court:

(1) DIRECTS the Plaintiff to file an Amended Complaint by December 10, 2022, asserting the citizenship of all the parties and the amount in controversy or otherwise asserting a basis for federal question jurisdiction;

(2) TAKES UNDER ADVISEMENT Plaintiff's request to proceed in forma pauperis (ECF No. 2); and Petition for Emergency Hearing (ECF No. 3).

(3) CAUTIONS the plaintiff if there is no response by the deadline, this case will be dismissed without further notice.

SO ORDERED on November 10, 2022.

s/ Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT